STATE OF MAINE

CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-209

STATE OF MAINE
Cumberla... ...'s Office
SUPE...

JAN 0 3 2005

RECEIVED

William W. Montalvo III,

Plaintiff

v.

First Interstate Finance Corp.,

Defendant

ORDER

JAN 6 2005

This case comes before the court on Defendant First Interstate Finance Corporation's Motion to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) of Maine Rules of Civil Procedure.

## FACTS

In 2003, William W. Montalvo III (Plaintiff) bought a 2000 Ford Ranger truck he saw advertised on eBay, an Internet auction site. Plaintiff paid $6,6000 for the vehicle, $700 in taxes, title and registration fees, and $850 to have the truck shipped to Maine. Plaintiff almost immediately found that the truck did not live up to the printed description and photograph provided by the seller on eBay. Eventually, Plaintiff learned the truck had been in a major accident. He spent $1,500 repairing the truck.

When buying the truck, Plaintiff dealt with two entities: First Interstate Finance Corporation (First Finance) and First Interstate Auto and Truck Sales (First Auto), both of Hollywood, Florida. Plaintiff dealt almost exclusively with Mr. Randy Singer before, during and after the sale.

On March 9, 2004, Plaintiff filed a complaint against First Interstate Finance Corporation, alleging negligent misrepresentation, fraudulent

misrepresentation, fraudulent concealment, and violations of the Maine Unfair Trade Practices Act, and seeking rescission of his sales contract, return of his money and punitive damages. First Finance filed a Motion to Dismiss for failure to state a claim for which relief may be granted and failure of personal jurisdiction pursuant to Rules 12 (b)(6) and 12 (b)(2) of Maine Rules of Civil Procedure, arguing First Financial was not a party to the truck sale, and does not do business in Maine.

## DISCUSSION

In a defendant's motion to dismiss, the court examines the complaint in a light most favorable to the plaintiff to determine whether it "alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n.*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46-47 (citation omitted).

### I. Dismissal for failure to state a claim upon which relief may be granted.

If a motion to dismiss is made pursuant to M.R. Civ. P. 12(b)(6) "the material allegations of the complaint must be taken as admitted." *Id.* A complaint should be dismissed only "when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* If the court considers appropriate materials outside the pleadings, the motion is treated as one for summary judgment. M.R. Civ. P. 12 (b).[1]

Here, both parties dispute First Finance's role in the transaction. First Finance argues that all Plaintiff's transactions were with First Auto. Plaintiff's

---

[1] "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56." M.R. Civ. P. 12(b).

check was made out to First Auto and his receipt was printed on First Auto letterhead. The truck's title document names Accurate Enterprises as owner. Plaintiff, in opposition to the Motion to Dismiss, argues other paperwork, including Florida sales tax and pollution disclosure documents, listed the seller as First Finance. Plaintiff also argues that the seller listed on eBay was "firstinterstatefinance" with an e-mail address fifc@prodigy.net. Plaintiff claims that when he was dissatisfied with the truck, he e-mailed Randy Singer at First Finance, and was invited to return the truck to First Finance.

In his complaint, Plaintiff alleges First Finance is the party who advertised and sold the truck to him on eBay. Taking the allegations in Plaintiff's Complaint concerning the truck's sale and defects as true, Plaintiff's claim that he is entitled to relief under some set of facts withstands First Finance's Motion to Dismiss. Plaintiff's complaint that he transacted with First Finance, who made representations about the truck's condition that were false and misleading, sufficiently allege a claim which could entitle Plaintiff to relief.

## II. Rule 12(b)(2) dismissal for failure of personal jurisdiction.

First Finance also moves to dismiss this action under Maine Rule of Civil Procedure 12 (b)(2) asserting this Court lacks personal jurisdiction over First Finance. First Finance argues that it has conducted no business in Maine, is not incorporated in Maine, owns no property in Maine and did not participate in the transaction complained of with Plaintiff. Therefore, First Finance argues, it is not subject to the long arm jurisdiction of this State. Plaintiff argues that he transacted with First Finance, as well as First Auto, in the advertisement and sale of the truck, and that it was First Finance who advertised the truck on eBay and made representations about its condition. Plaintiff argues that First Finance does

business in Maine when it advertises nationally via the Internet, communicates with Maine customers, and sells and ships vehicles to those Maine customers.

Maine statutes declare a person, including a business entity, subjects himself to the jurisdiction of this state if he participates in any of the following:

A. The transaction of any business within this State;
B. Doing or causing a tortuous act to be done, or causing the consequences of a tortuous act to occur within this State . . .
F. Contracting to supply services or things within this State . . .
I. Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S.A. § 704-A (2003). The statute is intended to provide Maine citizens "with an effective means of redress against nonresident persons who, through certain significant minimum contacts with this State, incur obligations to citizens entitled to the state's protection." *Id.* The statute declares the law is necessary in an age where "technological progress . . . has substantially increased the flow of commerce between the several states resulting in increased interaction between persons of this State and persons of other states." *Id.*

The Law Court holds that the State may assert personal jurisdiction when:

(1) Maine [has] a legitimate interest in the subject matter of this litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Bickford v. Onslow Memorial Hosp. Foundation, Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155 (citing *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995)).[2] The Law Court states that a defendant is subject to personal jurisdiction when he

---

[2] The burden is on the plaintiff to establish the first two prongs of this requirement based on facts viewed in a light favorable to the plaintiff; the burden of proof then shifts to the defendant to show that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice. *Bickford v. Onslow Memorial Hosp. Foundation, Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155

"'purposefully directs his activities at residents of a forum by 'deliberately engaging in significant activities' in that forum or by 'creating continuing obligations between himself and residents' of the forum." *Interstate Food Processing Corp. v. Pellerito Foods , Inc.*, 622 A.2d 1189, 1192 (Me. 1993)(citations omitted). For example, a company "purposefully availed itself of the privilege of conducting business in Maine" when it entered into a contract with a Maine purchaser, engaged in negotiations over five months and shipped product to Maine while making assurances to the Maine purchaser concerning its quality. *Electronic Media Int'l v Pioneer Communications of America, Inc.* 586 A.2d 1256, 1260 (Me. 1991). The "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealings" that established jurisdiction. *Id.* at 1259.

Here, Maine has a strong interest in protecting consumers from fraudulent sales practices. *See, e.g.* 5 M.R.S.A. § 213 (2003). Taking the facts alleged in the complaint as true, First Finance advertised the truck on the Internet and made representations to the Plaintiff as to the truck's condition. By conducting business on the Internet, First Finance solicited and reached customers in Maine and set up a negotiations and sales that resulted in merchandise being shipped to Maine and delivered to a Maine resident. Plaintiff's complaint alleges First Finance made representations made about the condition and worth of the truck, arranged for its sale and shipping, complied with forum state sales tax and pollution regulations, and negotiated the trucks return when it turned out to be defective. Thus First Finance's conduct resulted in on-going obligations between the Plaintiff and First Finance, and First Finance could have reasonably

anticipated being brought before this Court in connection with misconduct made in the course of that transaction.

First Finance argues jurisdiction asserted by Maine courts does not comply with notions of fair play or substantial justice because its Internet solicitations were directed broadly, that is, nationally and internationally, but were not "purposefully" directed at Maine. Unfortunately, Internet advertising and sales are an example of precisely the sort of "technological progress" creating an increased flow of commerce between Mainers and sellers in other states that was expressly the purpose of Maine's long arm statute. 14 M.R.S.A. § 704-A (1)(2003). A business cannot escape liability for fraudulent transactions with Maine consumers simply by conducting its business on line.

Because Plaintiff's complaint alleges First Finance directed a series of purposeful transactions with the Plaintiff over the course of several months, advertising and answering inquiries about the truck, concluding the sale, completing the paperwork, shipping the vehicle, and responding to Plaintiff's complaint, these claims, viewed in a light most favorable to Plaintiff, are sufficient to withstand a Motion to Dismiss on grounds of personal jurisdiction.

**WHEREFORE** this Court **DENIES** Defendant First Interstate Finance Corporation's Motions to Dismiss pursuant to Rules 12(b)(6) and 12 (b)(2) of Maine Rules of Civil Procedure.

Dated January 3, 2005

Roland A. Cole
Justice, Superior Court

STEPHEN WHITING ESQ
75 PEARL STREET SUITE 207
PORTLAND ME 04101

Pl atty

EVAN SMITH ESQ
44 DURHAM ROAD
FREEPORT ME 04032

DV atty